COOK, SUPT. OF BANKS ETC., Plaintiff-Appellant, v. THE GUARDIAN TRUST CO. ET AL., Defendants-Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20055. Decided June 18, 1945.

Davis & Young, Cleveland, Kruger, Gorman & Davis, Cleveland, for plaintiff-appellant.

Thompson, Hine & Flory, Cleveland, for defendants-appellees.

## OPINION

By MORGAN, J.

On December 30, 1935, plaintiff commenced an action in the Court of Common Pleas of Cuyahoga County designated as case No. 438880 against various persons, formerly directors of The Guardian Trust Company, including these defendants appellees.

On March 3, 1943, the fourth amended petition in the case was striken from the files and said case was dismissed by the common pleas court. In due time the plaintiff filed his appeal in this court.

This court on February 16, 1944, entered a decree reversing the decree of March 3, 1943, on the ground that the common pleas court had erred in granting the motion to strike the fourth amended petition and in dismissing the action. Counsel for the defendants without delay filed their motion in the supreme court for an order to certify.

The effect of the entry of this court on February 16, 1944, was to continue case No. 438880 pending in the common pleas court in the same condition as existed prior to March 3, 1943, the date of striking the amended petition from the files and dismissing the case.

However, there was the possibility that the supreme court might grant the motion to certify and reverse the action of this court, reversing the entry of the common pleas court of March 3, 1943. In view of this possibility and in order to be certain of taking advantage of §11233 GC, the plaintiff . wisely decided to file another suit in common pleas court under the benefit of that · section. Accordingly, on February 28, 1944, the plaintiff filed in common pleas court case No. 537493 against the same defendants as in the case No. 438880. This second case was filed as stated in the petition "upon the same claims and cause of action based upon the same facts as are alleged herein in the court of common pleas of Cuyahoga County, being case No. 438880."

This petition also contained the averment that "thereafter on March 3, 1943, less than one year preceding the commencement of the present action, the court of common pleas pursuant to motions addressed to the form of the pleadings, dismissed said action bearing case No. 438880 and said action of dismissal was not on the merits." This petition made no reference to the fact that said entry of March 3, 1943, already had been reversed by this court twelve days earlier, or on February 16, 1944. No fault can be found with this omission because there was, as stated, the possibility that the supreme court might grant a motion to certify and reverse the entry of this court of Feb. 16, 1944 and thus restore in full effect the common pleas court entry of March 3, 1943.

The supreme court however. overruled said motion to certify and on June 7, 1944, refused the application for a rehearing. Accordingly, the common pleas court entry of March 3, 1943, having been reversed, the original case No. 438880 is now pending in the common pleas court.

Later these defendants appellees, George Garrettson Wade and Arthur L. Stone, filed their demurrer in the common pleas court to the petition in this case, on the ground that "it appears

that there is another action pending between the same parties for the same cause, to-wit, case No. 438880." The common pleas court sustained the demurrer and dismissed the action as to these defendants. From this entry the plaintiff appeals.

If the facts above set forth had been stated by these defendants in the form of an answer, hardly anyone would contend that the answer would not state a complete defense to the action.The question is, therefore, will this court take judicial notice of the facts as stated above?

All of the facts are in the records of this case and the previous case No. 438880. Also, all these facts are known to this court from its own records and the mandates of the supreme court.

In the case of **Hughes, appellant, v County Board of Revision, appellee, 143 Oh St 559, at page 560,** the supreme court said:

"This court will take judicial notice of the record in a case previously before it, involving the same subject matter and party."

See also State ex rel **Galloway v Industrial Commission, 115 Oh St 490.**

In **Morrow, appellant, v City of Cleveland, appellee, 73 Oh Ap 460,** this court held, (first paragraph of the syllabus):

"A court in passing upon a general demurrer to a petition will disregard allegations which are in direct conflict with facts of which the court takes judicial notice."

All of the facts above set forth are to be found in the record of this case in common pleas court, No. 537493, or in the record of common pleas court case No. 438880. The entry of March 3, 1943, in the latter case was reversed by this court, so that this court thereby has the right to take judicial notice of the record in Case No. 438880, being a case "previously before this court, involving the same subject matter and party." **143 Oh St 560.**

The judgment of the common pleas court sustaining the demurrer of George Garrettson Wade and Arthur L. Stone to the petition in this case is therefore affirmed.

LIEGHLEY, J., concurs.
SKEEL, P. J., dissents.